IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL HOUSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-0225 |
| | § | |
| ALBERT ROSS, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff is a pretrial detainee in custody of the Harris County Sheriff's Office on charges of intoxicated assault with a motor vehicle causing serious bodily injury. He is also in custody pending parole revocation proceedings. He sues five individuals and/or government employees in this *pro se* section 1983 lawsuit for their actions in bringing allegedly false criminal charges against him. He seeks monetary damages.

The Court orders this case **STAYED AND ABATED** and **ADMINISTRATIVELY CLOSED** for the reasons that follow.

**I. Background and Claims**

According to plaintiff, the defendants conspired to fabricate his involvement in a 2017 staged vehicle collision as part of an insurance scam. He claims that the collision was faked, as were the witness statements, hospital and medical records, and police reports. Plaintiff states that his unlawful arrest and the pending false criminal charges are all products of this

conspiracy, and that all of the defendants – including the criminal complainant, witness, police officers, investigators, and Harris County prosecutor – knowingly participated in the conspiracy.

Plaintiff seeks monetary damages against the defendants for unlawful and false criminal charges, arrest, conspiracy, and detention.

## II. Analysis

Plaintiff's claims are presently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). It is well-settled under *Heck* that when a criminal defendant brings a section 1983 case against his arresting officers and other state actors, the district court must first consider whether a judgment in favor of the claimant would necessarily imply the invalidity of the underlying criminal conviction. 512 U.S. at 487. If so, the claim is barred unless the claimant proves that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

The Supreme Court recognizes that *Heck* does not apply to pending criminal charges. *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Where a pending civil rights lawsuit may have future implications for a pending criminal prosecution, the proper procedure for the federal district court is to stay the section 1983 lawsuit until the criminal case is ended. *Id.* "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction,

*Heck* will require dismissal; otherwise, the civil action will proceed absent some other bar to suit." *Id.*

Plaintiff's claims for monetary damages against the defendants in this case fall squarely within the parameters of the *Heck* bar at this time, and will be stayed and abated pending resolution of plaintiff's current criminal prosecution.

### III. Conclusion

Plaintiff's claims for monetary damages are **STAYED AND ABATED** pending resolution of the felony criminal charges pending against him in Harris County, Texas. Plaintiff may move to reinstate these claims within thirty days after entry of a final disposition of his criminal pending charges.

This case is **ORDERED ADMINISTRATIVELY CLOSED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 4th day of May, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3